IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RACHEL GREENE d/b/a RACHEL BOLDT,    )
    )
     Plaintiff,    )
    )
v.    )    No. 3:22-cv-2727
    )
WOODLAWN UNIT SCHOOL DISTRICT #209,    )
MARK RICHARDSON, MIKE RICHARDSON,    )    **JURY TRIAL DEMANDED**
and DANNY DEES,    )
    )
    Defendants.    )

## COMPLAINT

COMES NOW Plaintiff, Rachel Greene d/b/a Rachel Boldt, by and through her attorneys, Mahoney Law Firm, LLC, and for her Complaint against Defendants, Woodlawn Unit School District #209, Mark Richardson, Mike Richardson, and Danny Dees, states as follows:

### GENERAL ALLEGATIONS

1.    At all times relevant herein, Plaintiff, Rachel Greene, was a resident of Jefferson County, State of Illinois.  Plaintiff is no longer a citizen of the State of Illinois.

2.    At all times relevant herein, Defendant, Woodlawn Unit School District #209 ("District 209"), was a governmental unit, organized under the laws of the State of Illinois, and operating as a school district within the State of Illinois in Jefferson County, Illinois.

3.    At all times relevant herein, Defendant, District 209, was a governmental entity engaged in providing education to the children of Jefferson County, Illinois. In so doing, it benefited substantially form the receipt of funding from both the State of Illinois and the United States government.

4.    At all times relevant herein, Defendant, District 209, was responsible for the management, care, and control of the public schools within its jurisdiction, training for school

officials and teachers as to the safety of students within District 209, and the supervision of students and teachers within its schools.

5.     At all times relevant herein, Defendant, District 209, was acting by and through its agents, servants, and/or employees, actual or ostensible, including but not limited to, Defendants, Mark Richardson and Mike Richardson, who were acting within the course and scope of their employment with District 209 at the time of the events giving rise to Plaintiff's injuries.

6.     At all times relevant herein, Defendant, Mark Richardson, was a resident of Jefferson County, State of Illinois, and a citizen of the State of Illinois.

7.     At all times relevant herein, Defendant, Mike Richardson, was a resident of Jefferson County, State of Illinois, and a citizen of the State of Illinois.

8.     At all times relevant herein, Defendant, Danny Dees, was a resident of Jefferson County, State of Illinois, and a citizen of the State of Illinois.

9.     At all times relevant herein, Defendant, Mark Richardson, was a teacher and basketball coach for District 209, and acted both individually and within the scope of his employment with District 209.  Defendant, Mark Richardson, is named in his official and individual capacities.

10.     At all times relevant herein, Plaintiff, Rachel Greene, was a student enrolled within District 209 in Jefferson County, Illinois, and for portions of her education from the 4th Grade through the 8th Grade, Defendant, Mark Richardson, was one of her teachers and her basketball coach.

11.     At all times relevant herein, Defendant, Mike Richardson, was employed as a coach for District 209, and acted both individually and within the scope of his employment with District 209.  Defendant, Mike Richardson, is named in his official and individual capacities.

12.     During the 1995/1996 school year, when Plaintiff was in the 4th Grade, Defendant, Mark Richardson, inappropriately touched Plaintiff in his classroom and groomed her for a sexual relationship while she was a minor and enrolled within District 209.

13.     During the aforementioned period of time, the inappropriate touching in the classroom consisted of Defendant, Mark Richardson, forcing Plaintiff to sit on his lap, and touching of her stomach, back, shoulders, arms, and chest.

14.     During the aforementioned time period, Defendant, Mark Richardson, would force Plaintiff to kneel on her knees behind his desk in his classroom and lift up her shirt and show him parts of her body.

15.     During the aforementioned time period, Defendant, Mark Richardson, would play the "credit card" game with Plaintiff at school where he would swipe his hand up her genital area.

16.     During the aforementioned time period, Defendant, Mark Richardson, groomed Plaintiff to believe their relationship was normal. He nicknamed her "All Star." He would show her pictures of child pornography and took pictures of Plaintiff at his home while she was nude.

17.     During the aforementioned time period, Plaintiff was supposed to be in her assigned 4th Grade classroom but Defendant, Mark Richardson, would send a note to Plaintiff's teacher for her to come visit him in his classroom.

18.     On or about 1996, when Plaintiff was in the 4th Grade, Defendant, Mark Richardson, convinced Plaintiff to come to his house where he forced her and another minor victim to undress and kiss and touch each other. Defendants, Mark Richardson and/or Mike Richardson, filmed this interaction.

19.     On or about Spring 1996 when Plaintiff was in the 4th Grade, Defendant, Mark Richardson, convinced Plaintiff to come to his house where he had sexual intercourse with her

while Defendant, Mike Richardson, and his wife, Debi Richardson, were present.  Defendant, Mike

Richardson, filmed the rape.  Plaintiff was 10 years old the first time this occurred.

20.     For the remainder of this 1995/1996 school year, Defendant, Mark Richardson,

continued to convince Plaintiff to visit him at this house where he had repeated forced sexual

intercourse with her.

21.     During this period of time, Plaintiff would spend time in Defendant Mark

Richardson's classroom during recess where he would tell her she belonged to him and could only

"make love" to him.

22.     During the 1995/1996 school year, a teacher employed by District 209 at the

Woodlawn Grade School reported to Steve Danner, the building Principal at the time, that Plaintiff

was sitting on Defendant Mark Richardson's lap in the classroom with the lights turned off with

his hand on her leg.

23.     Upon information and belief, Defendant, District 209, did not investigate this report

of inappropriate sexual contact between Defendant, Mark Richardson, and Plaintiff.

24.     During the 1996/1997 school year, when Plaintiff was in the 5th Grade, Plaintiff's

5th Grade teacher was aware that Plaintiff was leaving class to go visit Defendant, Mark

Richardson, in his 4th Grade classroom, which was now located in a double wide trailer outside

of the main school building.

25.     On one occasion in 1997, while at Defendant Mark Richardson's house, Defendant,

Danny Dees, another teacher employed by Defendant, District 209, showed up and had forced

sexual intercourse with Plaintiff.  Defendant, Mark Richardson, threatened Plaintiff with a knife if

she didn't allow Defendant Dees to have sex with her.

26.     On or about Fall 1996, during the 1996/1997 school year, while Plaintiff was at school, Defendant, Mark Richardson, told her that the high school basketball coach was going to let her practice with them after school. Plaintiff thereafter met Defendant, Mark Richardson, after school in the school gym at Girl's JV Basketball practice and he told her he arranged a ride for her.  Plaintiff then exited the gym and got in the back seat of a vehicle where Defendant, Mike Richardson, then drove her to a white house where Defendant, Mike Richardson, undressed her and other men viewed her naked, touched her, and kissed her.  Defendant, Mike Richardson, then brought Plaintiff back to basketball practice at school before practice was over.

27.     During the years 1996 through 1998, the aforementioned arrangement continued to occur regularly during Plaintiff's basketball practice where she was removed from practice and sexually abused by strange men at the white house and/or at a shed.

28.     Upon information and belief, Defendants, Mark Richardson and Mike Richardson, were compensated for selling Plaintiff for the above sex acts that occurred while Plaintiff was supposed to be at basketball practice at school under the supervision of her basketball coach, Mark Richardson.

29.     At all times relevant during these occasions where Plaintiff was sold for sex, she was under the care, custody, and control of District 209 employees, including Defendants, Mark Richardson and Mike Richardson.

30.     For the years 1995 through 2000, during Plaintiff's 4th Grade through 8th Grade school years, Defendant, Mark Richardson, continued committing sexual acts upon Plaintiff, including numerous acts of rape, sexual assault, sexual abuse, molestation, sodomy, and battery.

31.     For the years 1996 through 1998, during Plaintiff's 4th Grade through 6th Grade school years, Defendant, Mike Richardson, continued committing sexual acts upon Plaintiff, including numerous acts of rape, sexual assault, sexual abuse, molestation, and battery.

32.     During the 1997/1998 school year, when Plaintiff was in the 6th Grade, she attempted suicide with a scissors in class. The building Principal told Plaintiff she was just seeking attention and called her parents.

33.     In 1998, while Plaintiff was in the 6th Grade, the 4th Grade students were housed in a trailer outside the school separated by a closet. At or about that time, Plaintiff went to visit Defendant, Mark Richardson, in his classroom and the other 4th Grade teacher observed Plaintiff in the closet with Richardson where Richardson was yelling at her and holding her wrist.

34.     In or about 2000, when Plaintiff was in the 8th Grade, Defendant, Mark Richardson, took Plaintiff to a varsity basketball game at a different school. They left at half time and Mark Richardson drove Plaintiff out to a country road where he forced her clothes off, pinned her arms down and anally raped her in the back seat of his car.

35.     Upon information and belief, in or about 2000, Defendant, District 209, received a report that Defendant, Mark Richardson, was watching girls undress in locker room.

36.     Upon information and belief, during the years 1995 through 2000, Defendant, District 209, received other reports of Defendant, Mark Richardson, acting inappropriately with underage female students.

37.     In May 2004, Plaintiff graduated high school.

38.     Following her graduation, Defendants, Mark Richardson and Mike Richardson, continued acts of intimidation and sexual abuse in an effort to keep Plaintiff from coming forward against them.

39.     Despite the horrific acts committed by Defendant, Mark Richardson, towards Plaintiff, and resulting in part from the significant sexual trauma and abuse Plaintiff experienced, Plaintiff asked Defendant, Mark Richardson, to sing at her wedding.

40.     On or about January 2014, Plaintiff had flashbacks and memories of the sexual abuse after being triggered by a post she saw on social media.  At or about that time, Plaintiff started coming to the realization that she was the victim of sexual abuse and that her sexual relationship with Defendant, Mark Richardson, and others was inappropriate and a violation of the law.

41.     On or about May 2014, Defendant, Mark Richardson, showed up at Plaintiff's apartment and picked up her 11-month-old daughter and walked inside. At or about that time, Defendant, Mark Richardson, threatened Plaintiff that he knew people and she and her family would be hurt if she talked.

42.     At all times relevant herein, there was in effect a Childhood Sexual Abuse statute that governed acts of "sexual abuse" that occurred when the person abused was under the age of 18.  735 ILCS 5/13-202.2 (West 2022).

43.     Pursuant to the Childhood Sexual Abuse statute, "an action for damages for personal injury based on childhood sexual abuse must be commenced within 20 years of the date the limitation period begins to run under subsection (d) or within 20 years of the date the person abused discovers or through the use of reasonable diligence should discover both (i) that the act of childhood sexual abuse occurred and (ii) that the injury was caused by the childhood sexual abuse." 735 ILCS 5/13-202.2(b) (West 2022)

44.     In terms of the discovery rule, "[t]he fact that the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse

occurred is not, by itself, sufficient to start the discovery period under [the statute]." 735 ILCS 5/13-202.2(b) (West 2022).

45. Importantly, under the Childhood Sexual Abuse statute, "[k]nowledge of the abuse does not constitute discovery of the injury or the causal relationship between any later-discovered injury and the abuse." 735 ILCS 5/13-202.2(b) (West 2022).

46. Further, because Plaintiff was a victim of numerous acts of sexual abuse by the same District 209 employees – Defendants, Mark Richardson and/or Mike Richardson, - the Childhood Sexual Abuse statute extends the statute of limitations even further, and holds:

> If the injury is caused by 2 or more acts of childhood sexual abuse that are part of a continuing series of acts of childhood sexual abuse by the same abuser, then the discovery period under subsection (b) shall be computed from the date the person abused discovers or through the use of reasonable diligence should discover both (i) that the last act of childhood sexual abuse in the continuing series occurred and (ii) that the injury was caused by any act of childhood sexual abuse in the continuing series.

735 ILCS 5/13-202.2(c) (West 2022).

47. In a situation such as Plaintiff's, where she was subjected to threats and intimidation once she turned the age of 18, the Childhood Sexual Abuse statute tolls the limitation period of 20 years as it does "not run during a time period when the person abused is subject to threats, intimidation, manipulation, fraudulent concealment, or fraud perpetrated by the abuser or by any person acting in the interest of the abuser." 735 ILCS 5/13-202.2(d-1) (West 2022).

48. Because the earliest Plaintiff discovered she was a victim of childhood sexual abuse was 2014, and because Plaintiff was subjected to threats, intimidation, and manipulation by Defendants, Mark Richardson and Mike Richardson, after she turned 18, this cause of action was filed within the applicable statute of limitations.

## JURISDICTION & VENUE

49.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 as this Complaint alleges claims arising under federal law, specifically, 20 U.S.C. § 1681, *et seq*.

50.     Jurisdiction is also proper pursuant to 28 U.S.C. § 1367(a) in that the claims averred herein are so related to the federal question claims asserted herein that they form part of the same case or controversy under Article III of the United States Constitution.

51.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that the events, acts, and omissions giving rise to the claims herein all occurred in the Southern District of Illinois.

## COUNT I
### *20 U.S.C. § 1681, et seq.*
### *Rachel Greene v. Woodlawn Unit School District #209*

COMES NOW Plaintiff, Rachel Greene d/b/a Rachel Boldt, by and through her attorneys, Mahoney Law Firm, LLC, and for Count I of her Complaint against Defendant, Woodlawn Unit School District #209 ("District 209"), states as follows:

52.     Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

53.     Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…" 20 U.S.C. § 1681(a).

54.     Title IX liability arises where, such as here, a school district official has the authority to take protective measures to prevent the sexual assault and/or rape of a minor female student, and acts with deliberate indifference and reckless disregard in light of knowledge of Defendant, Mark Richardson, inappropriately touching Plaintiff in the classroom.

55.     During the 1995/1996 school year, a teacher employed by District 209 at the Woodlawn Grade School reported to Steve Danner, the building Principal at the time, that Plaintiff was sitting on Defendant Mark Richardson's lap in the classroom with the lights turned off with his hand on her leg.

56.     On or about the 1995/1996 school year, and at all times relevant herein, Defendant, District 209, by and through its agents and employees, including but not limited to, former Principal Steven Danner, had the authority to initiate corrective action in response to information received relating to Plaintiff sitting on Defendant Mark Richardson's lap in the classroom.

57.     On or about the 1995/1996 school year, and at all times relevant herein, Defendant, District 209, by and through its agents and employees, including but not limited to, former Principal Steven Danner, acted with deliberate indifference to their sufficient, actual notice of a risk of harm or sexual assault to Plaintiff by virtue of a teacher reporting to Steve Danner that she observed Plaintiff sitting on Defendant Mark Richardson's lap while in class with his hand upon Plaintiff's leg.

58.     Upon information and belief, in or about 2000, Defendant, District 209, received a report that Defendant, Mark Richardson, was watching girls undress in locker room.

59.     Upon information and belief, during the years 1995 through 2000, Defendant, District 209, received other reports of Defendant, Mark Richardson, acting inappropriately with underage female students.

60.     Upon information and belief, on or about the 1995/1996 school year, and at all times relevant herein, Defendant, District 209, by and through its agents and employees, including but not limited to, former Principal Steve Danner, had the authority to initiate corrective action in response to information received and/or behavior observed relating to Defendant, Mark

Richardson, acting inappropriately towards minor female students, including inappropriate comments, inappropriate touching of a sexual nature, and inappropriate contact in the classroom, locker rooms, and throughout the school building.

61.     Upon information and belief, on or about the 1995/1996 school year, and at all times relevant herein, Defendant, District 209, by and through its agents and employees, including but not limited to, former Principal Steven Danner, acted with deliberate indifference to their sufficient, actual notice of a risk of harm or sexual assault to Plaintiff by virtue of information received and/or behavior observed relating to Defendant, Mark Richardson, acting inappropriately towards minor female students, including inappropriate comments, inappropriate touching of a sexual nature, and inappropriate contact in the classroom, locker rooms, and throughout the school building.

62.     On or about the 1995/1996 school year, and at all times relevant herein, Defendant, District 209, by and through its agents and employees, recklessly disregarded District 209 policies and procedures and their mandated reporter duties under the law when they allowed Defendant, Mark Richardson, to continue to teach and coach within District 209 schools when he was likely to cause harm and/or sexually assault minor female students, including Plaintiff.

63.     Further, during the 1995/1996 school year, and at all relevant times thereafter, former Principal Steve Danner was the highest ranking school official at the Woodlawn Grade School, and was responsible for ensuring that the students enrolled within the Woodlawn Grade School were safe, such as Plaintiff, due to District 209's affirmative duty to protect its students while they were in the care, custody and control of District 209.

64.     As a direct and proximate result of Defendant District 209's negligent, reckless and/or willful and wanton breach of its duty to Plaintiff pursuant to 20 U.S.C. § 1681, *et. seq.*,

Plaintiff was sexually assaulted, sexually abused, raped, sodomized, battered, and exhibited in child pornography while she was in the care, custody and control of District 209.

65.    As a further direct and proximate result of the foregoing acts and/or omissions, Plaintiff has suffered great bodily injury, including but not limited to, physical injuries associated with sexual assault and rape; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; Plaintiff has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Rachel Greene d/b/a Rachel Boldt, requests that judgment be entered on her behalf against Defendant, Woodlawn Unit School District #209, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit and attorneys' fees.

## COUNT II
### Willful and Wanton Misconduct
### Rachel Greene v. Woodlawn Unit School District #209

COMES NOW Plaintiff, Rachel Greene d/b/a Rachel Boldt, by and through her attorneys, Mahoney Law Firm, LLC, and for Count II of her Complaint against Defendant, Woodlawn Unit School District #209 ("District 209"), states as follows:

52.    Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

53.    At all times relevant herein, under Illinois law, Defendant, District 209, and its agents and employees, had a special relationship with Plaintiff and an affirmative duty to supervise Plaintiff while she was in the care, custody and control of District 209.

54.    For the years 1995 through 2000, and at all times relevant herein, Defendant, District 209, by and through its agents and employees, including but not limited to, former Principal Steve Danner, various teachers, administrators, and/or school personnel, willfully and wantonly, and/or with reckless disregard for the safety of Plaintiff, failed to supervise and/or ensure supervision was provided to Plaintiff, when it consciously allowed Defendant, Mark Richardson, to sexually assault, sexually abuse, and groom Plaintiff in class and to remove her from basketball practice without the supervision of a school official, teacher or teacher's aide to take her to locations where she was sexually assaulted, sexually abused, and raped, while Plaintiff was in the care, custody and control of District 209.

55.    For the years 1995 through 2000, and at all times relevant herein, Defendant, District 209, by and through its agents and employees, including but not limited to, former Principal Steve Danner, various teachers, administrators, and/or school personnel, knew or reasonably should have known that Defendant, Mark Richardson, had exhibited the propensity to commit a sexual assault against minor females and should not have been allowed to be unsupervised with minor female students, such as Plaintiff.

56.    For the years 1995 through 2000, and at all times relevant herein, Defendant, District 209, by and through its agents and employees, including but not limited to former Principal Steve Danner, knew or reasonably should have known that Defendant, Mark Richardson, had previously committed a sexual battery upon Plaintiff when he was informed that Plaintiff was

sitting on Defendant Mark Richardson's lap while Plaintiff was supposed to be attending class in another classroom.

57.     Upon information and belief, for the years 1995 through 2000, and at all times relevant herein, Defendant, District 209, by and through its agents and employees, including but not limited to, former Principal Steve Danner, various teachers, administrators, and/or school personnel, knew or reasonably should have known that Defendant, Mark Richardson, was acting inappropriately towards minor female students, by virtue of them witnessing and being informed that he was making inappropriate comments towards minor female students, committing inappropriate touching of a sexual nature towards minor female students, and making inappropriate sexual contact with minor female students in the classroom, locker rooms, and throughout the school building.

58.     For the years 1995 through 2000, and at all times relevant herein, Defendant, District 209, by and through its agents and employees, including but not limited to, former Principal Steve Danner, various teachers, administrators, and/or school personnel, knew or reasonably should have known that Defendant Mark Richardson's presence around minor female students without supervision would naturally and probably result in injury to Plaintiff.

59.     For the years 1995 through 2000, and at all times relevant herein, Defendant, District 209, by and through its agents and employees, including but not limited to, former Principal Steve Danner, various teachers, administrators, and/or school personnel, willfully and wantonly, and/or with reckless disregard for the safety of Plaintiff, failed to supervise and/or ensure supervision was provided to Plaintiff, when it consciously allowed Defendant, Mike Richardson, to remove her from basketball practice without the supervision of a school official,

teacher or teacher's aide to take her to locations where she was sexually assaulted, sexually abused, and raped, while Plaintiff was in the care, custody and control of District 209.

60.     For the years 1995 through 2000, and at all times relevant herein, Defendant, District 209, by and through its agents and employees, including but not limited to, former Principal Steve Danner, various teachers, administrators, and/or school personnel, knew or reasonably should have known that Defendant, Mike Richardson, had exhibited the propensity to commit a sexual assault against minor females and should not have been allowed to be unsupervised with minor female students, such as Plaintiff.

61.     Upon information and belief, for the years 1995 through 2000, and at all times relevant herein, Defendant, District 209, by and through its agents and employees, including but not limited to, former Principal Steve Danner, various teachers, administrators, and/or school personnel, knew or reasonably should have known that Defendant, Mike Richardson, was acting inappropriately towards minor female students, by virtue of them witnessing and being informed of inappropriate conduct towards minor female students and/or exhibiting his genitalia in the gym at basketball games while he sat next to the basketball court.

62.     For the years 1995 through 2000, and at all times relevant herein, Defendant, District 209, by and through its agents and employees, including but not limited to, former Principal Steve Danner, various teachers, administrators, and/or school personnel, knew or reasonably should have known that Defendant Mike Richardson's presence around minor female students without supervision would naturally and probably result in injury to Plaintiff.

63.     As a direct and proximate result of Defendant District 209's willful and wanton acts or failures to act, and/or reckless disregard for the safety of Plaintiff and its obligations to Plaintiff

pursuant to Illinois law, Plaintiff was sexually assaulted, sexually abused, raped, sodomized, and exhibited in child pornography while she was in the care, custody and control of District 209.

64.   At all times relevant herein, the failure of Defendant, District 209, by and through its agents and employees, to supervise Defendant, Mark Richardson, at all times when he was in close proximity to minor female students was a proximate cause of the severe and significant physical and emotional injuries suffered by Plaintiff.

65.   At all times relevant herein, the failure of Defendant, District 209, by and through its agents and employees, to supervise Defendant, Mike Richardson, at all times when he was in close proximity to minor female students was a proximate cause of the severe and significant physical and emotional injuries suffered by Plaintiff.

66.   At all times relevant herein, the failure of Defendant, District 209, by and through its agents and employees, to supervise Plaintiff at all times when she was in close proximity to Defendants, Mark Richardson and/or Mike Richardson, was a proximate cause of the severe and significant physical and emotional injuries suffered by Plaintiff.

67.   At all times relevant herein, Defendant, District 209, and its agents and employees, knew or reasonably should have known that Defendant, Mark Richardson, required supervision at all times while he was a teacher and/or coach for District 209 in order to protect minor female students, including Plaintiff, from injury or harm.

68.   At all times relevant herein, Defendant, District 209, and its agents and employees, knew or reasonably should have known that Defendant, Mike Richardson, required supervision at all times while he was a coach for District 209 in order to protect minor female students, including Plaintiff, from injury or harm.

69.     At all times relevant herein, Defendant, District 209, by and through its agents and employees, including but not limited to, former Principal Steve Danner, various teachers, administrators, and/or school personnel, had a duty to provide for the physical safety of its students, including Plaintiff.

70.     At all times relevant herein, Defendant, District 209, by and through its agents and employees, including but not limited to, former Principal Steve Danner, various teachers, administrators, and/or school personnel, had a duty to maintain discipline within District 209 schools and to exercise discipline for the safety and supervision of Plaintiff in the absence of her parent or guardian.

71.     At all times relevant herein, Defendant, District 209, by and through its agents and employees, including but not limited to, former Principal Steve Danner, various teachers, administrators, and/or school personnel, had a duty to provide supervision to Plaintiff at all times when she was attending District 209 schools by virtue of information it received relating to Defendant Mark Richardson's inappropriate physical contact with her and other minor female students in the classroom, locker rooms, and throughout the school building.

72.     At all times relevant herein, Defendant, District 209, by and through its agents and employees, including but not limited to, former Principal Steve Danner, various teachers, administrators, and/or school personnel, had a duty to provide supervision to Plaintiff at all times when she was attending District 209 schools by virtue of information it received relating to Defendant Mike Richardson's inappropriate conduct towards minor female students and/or exhibiting his genitalia in the gym at basketball games while he sat next to the basketball court.

73.     Defendant, District 209, by and through its agents and employees, willfully and
wantonly, and/or with reckless disregard for the safety of Plaintiff, Rachel Greene, breached its
duties to Plaintiff in one or more of the following ways:

a.   Defendant, District 209, failed to provide for the physical safety of its students,
     including Plaintiff, in violation of its duties under the Illinois School Code (105
     ILCS 5/24-24); and/or

b.   Defendant, District 209, failed to supervise Plaintiff at all times, when it knew
     or reasonably should have known that the failure to provide supervision to
     Plaintiff when she in the care, custody and control of its teacher and coach,
     Defendant, Mark Richardson, would naturally and probably result in harm or
     injury to Plaintiff; and/or

c.   Defendant, District 209, failed to supervise Defendant, Mark Richardson, at all
     times, when it knew or reasonably should have known that the failure to provide
     supervision to Defendant, Mark Richardson, presented a risk of injury to
     Plaintiff and other minor female students, and would naturally and probably
     result in harm or injury to Plaintiff; and/or

d.   Defendant, District 209, failed to supervise Defendant, Mike Richardson, at all
     times, when it knew or reasonably should have known that the failure to provide
     supervision to Defendant, Mike Richardson, presented a risk of injury to
     Plaintiff and other minor female students, and would naturally and probably
     result in harm or injury to Plaintiff, and/or

e.   Defendant, District 209, failed to supervise Plaintiff, in violation of its duties to
     Plaintiff, when its administrators consciously allowed Defendant, Mark
     Richardson, to remove Plaintiff from her classroom and come sit on his lap in
     his classroom without the supervision of a school official, teacher or teachers'
     aide, while Plaintiff was in the care, custody and control of District 209; and/or

f.   Defendant, District 209, failed to supervise Plaintiff, in violation of its duties to
     Plaintiff, when its administrators consciously allowed Defendant, Mark
     Richardson, to remove Plaintiff from basketball practice to be sexually
     assaulted, sexually abused, and raped by Defendant, Mike Richardson, and
     others, without the supervision of a school official, teacher or teachers' aide,
     while Plaintiff was in the care, custody and control of District 209; and/or

g.   Defendant, District 209, failed to supervise Plaintiff, in violation of its duties to
     Plaintiff, when Defendant, Mark Richardson, consciously allowed Defendant,
     Mike Richardson, to remove Plaintiff from basketball practice to be sexually
     assaulted, sexually abused, and raped by Defendant, Mike Richardson, and

others, without the supervision of a school official, teacher or teachers' aide, while Plaintiff was in the care, custody and control of District 209; and/or

h.  Defendant, District 209, failed to take any steps to prevent an injury to Plaintiff when she was removed from her classroom and/or basketball practice by Defendant, Mark Richardson, when the impending danger to Plaintiff was clear to those vested with a duty to supervise and/or protect Plaintiff while she was in their care, custody and control; and/or

i.  Defendant, District 209, failed to take any steps to prevent an injury to Plaintiff when she was removed from basketball practice by Defendant, Mike Richardson, when the impending danger to Plaintiff was clear to those vested with a duty to supervise and/or protect Plaintiff while she was in their care, custody and control; and/or

j.  Defendant, District 209, failed to conduct any search for and/or attempt to locate Plaintiff after Defendant, Mark Richardson, removed Plaintiff from her classroom and/or basketball practice without the supervision of a school official, teacher or teachers' aide, when it knew or reasonably should have known that the failure to do so would naturally and probably result in harm or injury to Plaintiff; and/or

k.  Defendant, District 209, failed to conduct any search for and/or attempt to locate Plaintiff after Defendant, Mike Richardson, removed Plaintiff from basketball practice without the supervision of a school official, teacher or teacher's aide, when it knew or reasonably should have known that the failure to do so would naturally and probably result in harm or injury to Plaintiff.

74.     As a direct and proximate result of Defendant District 209's willful and wanton acts and/or omissions, as detailed above, District 209 created and encouraged an environment within its schools and classrooms where Plaintiff was more susceptible to the risk of harm or injury caused by District 209 teachers and coaches, including Defendants, Mark Richardson and Mike Richardson.

75.     As a direct and proximate result of Defendant District 209's willful and wanton acts and/or omissions, as detailed above, Plaintiff was forcibly removed from her classroom and/or basketball practice by Defendants, Mark Richardson and/or Mike Richardson, while she was in the care, custody and control of District 209.

76.     As a direct and proximate result of Defendant District 209's willful and wanton acts and/or omissions, as detailed above, Plaintiff was sexually harassed and/or discriminated against, sexually assaulted, sexually abused, raped, sodomized, and exhibited in child pornography for years while she was in the care, custody and control of District 209.

77.     As a further direct and proximate result of the foregoing willful and wanton acts and/or omissions, Plaintiff has suffered great bodily injury, including but not limited to, physical injuries associated with the harms committed; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; Plaintiff has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Rachel Greene d/b/a Rachel Boldt, requests that judgment be entered on her behalf against Defendant, Woodlawn Unit School District #209, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit.

## COUNT III
### *Willful and Wanton Misconduct*
### *Rachel Greene v. Mark Richardson*

COMES NOW Plaintiff, Rachel Greene d/b/a Rachel Boldt, by and through her attorneys, Mahoney Law Firm, LLC, and for Count III of her Complaint against Defendant, Mark Richardson, states as follows:

52.     Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

53.     At all times relevant herein, Defendant, Mark Richardson, was a teacher at Woodlawn Grade School, the girls' basketball coach, and was Plaintiff's basketball coach at the time of the events giving rise to her injuries.

54.     At all times relevant herein, Defendant, Mark Richardson, by and through the scope of his employment with District 209, had a special relationship with Plaintiff and an affirmative duty to provide supervision and protection for Plaintiff while she was in the care, custody and control of District 209 and Defendant, Mark Richardson.

55.     For the years 1996 through 1998, and at all times relevant herein, Defendant, Mark Richardson, willfully and wantonly, and/or with reckless disregard for the safety of Plaintiff, failed to supervise and/or ensure supervision was provided to Plaintiff, when he consciously allowed Defendant, Mike Richardson, to remove Plaintiff from basketball practice without the supervision of a school official, teacher or teacher's aide to take her to locations where she was sexually assaulted, sexually abused, and raped, while Plaintiff was in the care, custody and control of District 209 and Defendant, Mark Richardson.

56.     For the years 1996 through 1998, and at all times relevant herein, Defendant, Mark Richardson, knew or reasonably should have known that Defendant, Mike Richardson, had exhibited the propensity to commit a sexual assault against minor females and should not have been allowed to be unsupervised with minor female students, such as Plaintiff.

57.     For the years 1996 through 1998, and at all times relevant herein, Defendant, Mark Richardson, knew or reasonably should have known that Defendant, Mike Richardson, was removing Plaintiff from basketball practice without the supervision of a school official, teacher or teacher's aide to take her to locations where she was sexually assaulted, sexually abused, and

raped, while Plaintiff was in the care, custody and control of District 209 and Defendant, Mark Richardson.

58.     Upon information and belief, for the years 1996 through 1998, and at all times relevant herein, Defendant, Mark Richardson, knew or reasonably should have known that Defendant, Mike Richardson, was removing Plaintiff from basketball practice without the supervision of a school official, teacher or teacher's aide to take her to locations where she was sexually assaulted, sexually abused, and raped.

59.     For the years 1996 through 1998, and at all times relevant herein, Defendant, Mark Richardson, knew or reasonably should have known that Defendant Mike Richardson's presence around minor female students without supervision would naturally and probably result in injury to Plaintiff.

60.     As a direct and proximate result of Defendant Mark Richardson's willful and wanton acts or failures to act, and/or reckless disregard for the safety of Plaintiff and his obligations to Plaintiff pursuant to Illinois law, Plaintiff was sexually assaulted, sexually abused, raped, sodomized, and exhibited in child pornography while she was in the care, custody and control of District 209 and Defendant, Mark Richardson.

61.     At all times relevant herein, the failure of Defendant, Mark Richardson, to supervise Defendant, Mike Richardson, at all times when he was in close proximity to minor female students was a proximate cause of the severe and significant physical and emotional injuries suffered by Plaintiff.

62.     At all times relevant herein, the failure of Defendant, Mark Richardson, to supervise Plaintiff at all times when she was in close proximity to Defendant, Mike Richardson, was a proximate cause of the severe and significant physical and emotional injuries suffered by Plaintiff.

63.     At all times relevant herein, Defendant, Mark Richardson, knew or reasonably should have known that Defendant, Mike Richardson, required supervision at all times while he was a coach for District 209 in order to protect minor female students, including Plaintiff, from injury or harm.

64.     At all times relevant herein, Defendant, Mark Richardson, as a teacher and coach for District 209, had a duty to provide for the physical safety of his students, including Plaintiff.

65.     At all times relevant herein, Defendant, Mark Richardson, had a duty to maintain discipline within his classroom and/or his girls' basketball teams, and to exercise discipline for the safety and supervision of Plaintiff in the absence of her parent or guardian.

66.     At all times relevant herein, Defendant, Mark Richardson, had a duty to provide supervision to Plaintiff at all times when she was attending District 209 schools by virtue of his knowledge of Defendant Mike Richardson's inappropriate conduct with her when he would remove Plaintiff from basketball practice without the supervision of a school official, teacher or teacher's aide to take her to locations where she was sexually assaulted, sexually abused, and raped.

67.     Defendant, Mark Richardson, willfully and wantonly, and/or with reckless disregard for the safety of Plaintiff, Rachel Greene, breached his duties to Plaintiff in one or more of the following ways:

    a.  Defendant, Mark Richardson, failed to provide for the physical safety of his students, including Plaintiff, in violation of his duties under the Illinois School Code (105 ILCS 5/24-24); and/or

    b.  Defendant, Mark Richardson, failed to supervise Plaintiff at all times, when he knew or reasonably should have known that the failure to provide supervision to Plaintiff when she in the care, custody and control of its coach, Defendant, Mike Richardson, would naturally and probably result in harm or injury to Plaintiff; and/or

    c.   Defendant, Mark Richardson, failed to supervise Defendant, Mike Richardson, at all times, when it knew or reasonably should have known that the failure to provide supervision to Defendant, Mike Richardson, presented a risk of injury to Plaintiff and other minor female students, and would naturally and probably result in harm or injury to Plaintiff; and/or

    d.   Defendant, Mark Richardson, failed to supervise Plaintiff, in violation of its duties to Plaintiff, when he consciously allowed Defendant, Mike Richardson, to remove Plaintiff from basketball practice to be sexually assaulted, sexually abused, and raped by Defendant, Mike Richardson, and others, without the supervision of a school official, teacher or teachers' aide, while Plaintiff was in the care, custody and control of District 209 and Defendant, Mark Richardson; and/or

    e.   Defendant, Mark Richardson, failed to take any steps to prevent an injury to Plaintiff when she was removed from basketball practice by Defendant, Mike Richardson, when the impending danger to Plaintiff was clear to those vested with a duty to supervise and/or protect Plaintiff while she was in their care, custody and control; and/or

    f.   Defendant, Mark Richardson, failed to conduct any search for and/or attempt to locate Plaintiff after Defendant, Mike Richardson, removed Plaintiff from basketball practice without the supervision of a school official, teacher or teachers' aide, when he knew or reasonably should have known that the failure to do so would naturally and probably result in harm or injury to Plaintiff.

68.    As a direct and proximate result of Defendant Mark Richardson's willful and wanton acts and/or omissions, as detailed above, Defendant created and encouraged an environment within his classroom and girls' basketball team where Plaintiff was more susceptible to the risk of harm or injury caused by District 209 teachers and coaches, including Defendant, Mike Richardson.

69.    As a direct and proximate result of Defendant Mark Richardson's willful and wanton acts and/or omissions, as detailed above, Plaintiff was forcibly removed from basketball practice by Defendant, Mike Richardson, while she was in the care, custody and control of District 209 and Defendant.

70.     As a direct and proximate result of Defendant Mark Richardson's willful and wanton acts and/or omissions, as detailed above, Plaintiff was sexually assaulted, sexually abused, raped, sodomized, and exhibited in child pornography for years while she was in the care, custody and control of District 209 and Defendant.

71.     As a further direct and proximate result of the foregoing willful and wanton acts and/or omissions, Plaintiff has suffered great bodily injury, including but not limited to, physical injuries associated with the harms committed; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; Plaintiff has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Rachel Greene d/b/a Rachel Boldt, requests that judgment be entered on her behalf against Defendant, Mark Richardson, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit.

## COUNT IV
### *Sexual Assault*
### *Rachel Greene v. Mark Richardson*

COMES NOW Plaintiff, Rachel Greene d/b/a Rachel Boldt, by and through her attorneys, Mahoney Law Firm, LLC, and for Count IV of her Complaint against Defendant, Mark Richardson, states as follows:

52.     Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

53.     At no time did Plaintiff consent to the aforementioned sexual assault, sexual abuse, sexual penetration, sodomy, and/or sexual contact by Defendant, Mark Richardson, nor did Plaintiff maintain the capacity to consent due to her minor status.

54.     As a direct and proximate result of the aforementioned acts, Defendant, Mark Richardson, created in Plaintiff's mind, a well-founded fear of imminent peril, caused by Defendant Mark Richardson's ability to commit an unwanted and forceful sexual assault and battery, and Defendant, Mark Richardson, by committing the aforementioned acts, thereby committed an assault upon Plaintiff.

55.     For the years 1995 through 2000, at the times that Defendant, Mark Richardson, sexually assaulted Plaintiff, Defendant, Mark Richardson, intended to commit an unlawful and outrageous touching upon the person of Plaintiff, without any lawful justification.

56.     Defendant Mark Richardson's actions amounted to willful and wanton misconduct and/or a reckless disregard for the health and safety of Plaintiff.

57.     As a direct and proximate result of the foregoing acts of sexual assault upon Plaintiff by Defendant, Mark Richardson, Plaintiff has suffered great bodily injury, including but not limited to, physical injuries associated with the harms committed; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; Plaintiff has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Rachel Greene d/b/a Rachel Boldt, requests that judgment be entered on her behalf against Defendant, Mark Richardson, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit.

### COUNT V
### *Sexual Battery*
### *Rachel Greene v. Mark Richardson*

COMES NOW Plaintiff, Rachel Greene d/b/a Rachel Boldt, by and through her attorneys, Mahoney Law Firm, LLC, and for Count V of her Complaint against Defendant, Mark Richardson, states as follows:

52.     Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

53.     On or about the 1995/1996 school year, and continuing thereafter, Defendant, Mark Richardson, targeted Plaintiff and groomed her with the specific intent of sexually abusing her and/or causing her harm.

54.     For the years 1995 through 2000, Defendant, Mark Richardson, repeatedly and continually sexually assaulted, sexually penetrated, sexually abused, raped, sodomized, and battered Plaintiff.

55.     At no time did Plaintiff consent to the aforementioned sexual assault, sexual abuse, sexual penetration, sodomy, sexual contact, and/or battery by Defendant, Mark Richardson, nor did Plaintiff maintain the capacity to consent due to her minor status.

56.     At the time Defendant, Mark Richardson, committed the aforementioned acts, he intended to commit an unlawful and outrageous touching upon the person of Plaintiff without any lawful justification.

57.     As a direct and proximate result of the aforementioned acts, Defendant, Mark Richardson, committed an unlawful and outrageous touching upon the person of Plaintiff, without any lawful justification or consent, thereby committing a battery upon her.

58.     Defendant Mark Richardson's actions amounted to willful and wanton misconduct and/or a reckless disregard for the health and safety of Plaintiff.

59.     As a direct and proximate result of the foregoing acts of sexual battery upon Plaintiff by Defendant, Mark Richardson, Plaintiff has suffered great bodily injury, including but not limited to, physical injuries associated with the harms committed; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; Plaintiff has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Rachel Greene d/b/a Rachel Boldt, requests that judgment be entered on her behalf against Defendant, Mark Richardson, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit.

## COUNT VI
### *Sexual Assault*
### *Rachel Greene v. Mike Richardson*

COMES NOW Plaintiff, Rachel Greene d/b/a Rachel Boldt, by and through her attorneys, Mahoney Law Firm, LLC, and for Count VI of her Complaint against Defendant, Mike Richardson, states as follows:

52.     Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

53.     At no time did Plaintiff consent to the aforementioned sexual assault, sexual abuse, sexual penetration, and/or sexual contact by Defendant, Mike Richardson, nor did Plaintiff maintain the capacity to consent due to her minor status.

54.     As a direct and proximate result of the aforementioned acts, Defendant, Mike Richardson, created in Plaintiff's mind, a well-founded fear of imminent peril, caused by Defendant Mike Richardson's ability to commit an unwanted and forceful sexual assault and battery, and Defendant, Mike Richardson, by committing the aforementioned acts, thereby committed an assault upon Plaintiff.

55.     For the years 1995 through 1998, at the times that Defendant, Mike Richardson, sexually assaulted Plaintiff, Defendant, Mike Richardson, intended to commit an unlawful and outrageous touching upon the person of Plaintiff, without any lawful justification.

56.     Defendant Mike Richardson's actions amounted to willful and wanton misconduct and/or a reckless disregard for the health and safety of Plaintiff.

57.     As a direct and proximate result of the foregoing acts of sexual assault upon Plaintiff by Defendant, Mike Richardson, Plaintiff has suffered great bodily injury, including but not limited to, physical injuries associated with the harms committed; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; Plaintiff has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a

consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Rachel Greene d/b/a Rachel Boldt, requests that judgment be entered on her behalf against Defendant, Mike Richardson, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit.

**COUNT VII**
*Sexual Battery*
***Rachel Greene v. Mike Richardson***

COMES NOW Plaintiff, Rachel Greene d/b/a Rachel Boldt, by and through her attorneys, Mahoney Law Firm, LLC, and for Count VII of her Complaint against Defendant, Mike Richardson, states as follows:

52.     Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

53.     On or about the 1995/1996 school year, Defendant, Mike Richardson, targeted Plaintiff and groomed her with the assistance of his brother, Mark Richardson, with the specific intent of sexually abusing her and/or causing her harm.

54.     For the years 1995 through 1998, Defendant, Mike Richardson, repeatedly and continually sexually assaulted, sexually penetrated, sexually abused, raped, and battered Plaintiff and/or assisted in bringing her to locations where said acts were committed.

55.     At no time did Plaintiff consent to the aforementioned sexual assault, sexual abuse, sexual penetration, sexual contact, and/or battery by Defendant, Mike Richardson, nor did Plaintiff maintain the capacity to consent due to her minor status.

56.    At the time Defendant, Mike Richardson, committed the aforementioned acts, he intended to commit an unlawful and outrageous touching upon the person of Plaintiff without any lawful justification.

57.    As a direct and proximate result of the aforementioned acts, Defendant, Mike Richardson, committed an unlawful and outrageous touching upon the person of Plaintiff, without any lawful justification or consent, thereby committing a battery upon her.

58.    Defendant Mike Richardson's actions amounted to willful and wanton misconduct and/or a reckless disregard for the health and safety of Plaintiff.

59.    As a direct and proximate result of the foregoing acts of sexual battery upon Plaintiff by Defendant, Mike Richardson, Plaintiff has suffered great bodily injury, including but not limited to, physical injuries associated with the harms committed; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; Plaintiff has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Rachel Greene d/b/a Rachel Boldt, requests that judgment be entered on her behalf against Defendant, Mike Richardson, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit.

## COUNT VIII
### *Sexual Assault*
### *Rachel Greene v. Danny Dees*

COMES NOW Plaintiff, Rachel Greene d/b/a Rachel Boldt, by and through her attorneys, Mahoney Law Firm, LLC, and for Count VIII of her Complaint against Defendant, Danny Dees, states as follows:

52.     Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

53.     On one occasion in 1997, while at Defendant Mark Richardson's house, Defendant, Danny Dees, another teacher employed by Defendant, District 209, showed up and had forced sexual intercourse with Plaintiff.  Defendant, Mark Richardson, threatened Plaintiff with a knife if she didn't allow Defendant Dees to have sex with her.

54.     On other occasions during the years 1997 through 1998, when Defendant, Mike Richardson, would take Plaintiff to the white house during basketball practice, Defendant, Dees, was one of the individuals who sexually abused Plaintiff there.

55.     At no time did Plaintiff consent to the aforementioned sexual assault, sexual abuse, sexual penetration, and/or sexual contact by Defendant, Danny Dees, nor did Plaintiff maintain the capacity to consent due to her minor status.

56.     As a direct and proximate result of the aforementioned acts, Defendant, Danny Dees, created in Plaintiff's mind, a well-founded fear of imminent peril, caused by Defendant Danny Dees's ability to commit an unwanted and forceful sexual assault and battery, and Defendant, Danny Dees, by committing the aforementioned acts, thereby committed an assault upon Plaintiff.

57.     For the years 1997 through 1998, at the times that Defendant, Danny Dees, sexually assaulted Plaintiff, Defendant, Danny Dees, intended to commit an unlawful and outrageous touching upon the person of Plaintiff, without any lawful justification.

58.     Defendant Danny Dees's actions amounted to willful and wanton misconduct and/or a reckless disregard for the health and safety of Plaintiff.

59.     As a direct and proximate result of the foregoing acts of sexual assault upon Plaintiff by Defendant, Danny Dees, Plaintiff has suffered great bodily injury, including but not limited to, physical injuries associated with the harms committed; she has also experienced severe emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; Plaintiff has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Rachel Greene d/b/a Rachel Boldt, requests that judgment be entered on her behalf against Defendant, Danny Dees, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit.

### COUNT IX
### *Sexual Battery*
### *Rachel Greene v. Danny Dees*

COMES NOW Plaintiff, Rachel Greene d/b/a Rachel Boldt, by and through her attorneys, Mahoney Law Firm, LLC, and for Count IX of her Complaint against Defendant, Danny Dees, states as follows:

52.     Plaintiff hereby incorporates Paragraphs 1 through 51 herein as though fully set forth hereunder.

53.     On one occasion in 1997, while at Defendant Mark Richardson's house, Defendant, Danny Dees, another teacher employed by Defendant, District 209, showed up and had forced sexual intercourse with Plaintiff.  Defendant, Mark Richardson, threatened Plaintiff with a knife if she didn't allow Defendant Dees to have sex with her.

54.     On other occasions during the years 1997 through 1998, when Defendant, Mike Richardson, would take Plaintiff to the white house during basketball practice, Defendant, Dees, was one of the individuals who sexually abused Plaintiff there.

55.     At no time did Plaintiff consent to the aforementioned sexual assault, sexual abuse, sexual penetration, sexual contact, and/or battery by Defendant, Danny Dees, nor did Plaintiff maintain the capacity to consent due to her minor status.

56.     At the time Defendant, Danny Dees, committed the aforementioned acts, he intended to commit an unlawful and outrageous touching upon the person of Plaintiff without any lawful justification.

57.     As a direct and proximate result of the aforementioned acts, Defendant, Danny Dees, committed an unlawful and outrageous touching upon the person of Plaintiff, without any lawful justification or consent, thereby committing a battery upon her.

58.     Defendant Danny Dees's actions amounted to willful and wanton misconduct and/or a reckless disregard for the health and safety of Plaintiff.

52.     As a direct and proximate result of the foregoing acts of sexual battery upon Plaintiff by Defendant, Danny Dees, Plaintiff has suffered great bodily injury, including but not limited to, physical injuries associated with the harms committed; she has also experienced severe

emotional distress, mental anguish, and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; Plaintiff has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Rachel Greene d/b/a Rachel Boldt, requests that judgment be entered on her behalf against Defendant, Danny Dees, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit.

Respectfully submitted,

By:   /s/ Ryan J. Mahoney
　　　Ryan J. Mahoney, #6290113
　　　MAHONEY LAW FIRM, LLC
　　　1 Ginger Creek Parkway
　　　Glen Carbon, IL  62034
　　　Telephone:     618-961-8288
　　　Facsimile:      618-961-8289
　　　ryan@themahoneylawfirm.com
　　　***Attorneys for Plaintiff***