**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RACHEL GREENE d/b/a RACHEL BOLDT,  )<br>  )<br>          Plaintiff,  )<br>  )<br>v.  )<br>  )<br>WOODLAWN UNIT SCHOOL DISTRICT  )<br>#209; MARK RICHARDSON; MIKE  )<br>RICHARDSON; and DANNY DEES,  )<br>  )<br>          Defendants.  ) | Case No. 22-cv-2727-DWD<br><br>**JURY TRIAL DEMANDED** |

## MARK RICHARDSON'S ANSWER

NOW COMES Defendant Mark Richardson ("Defendant"), by and through his attorneys, Sandberg, Phoenix & von Gontard P.C., and answers Plaintiff Rachel Greene d/b/a Rachel Boldt ("Plaintiff") the Complaint (Doc. 1):

### GENERAL ALLEGATIONS

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 1 and, therefore, denies it.

2. Defendant admits that Woodlawn United School District #209 ("District 209") was a school district in Jefferson County, Illinois at all relevant times. Defendant lacks knowledge or information sufficient to form a belief about the District 209's status in the government or how it was organized and, therefore, denies those allegations.

3. Defendant admits that District 209 provided education to the children of Jefferson County, Illinois. Defendant lacks knowledge or information sufficient to form a belief about the District 209's receipt of governmental funding and, therefore, denies those allegations.

4. Defendant states that District 209's responsibilities are legal conclusions to which no substantive response is required. To the extent a substantive response is required, Defendant admits that District 209 managed and controlled the public schools within its jurisdiction, but denies any remaining allegations in Paragraph 4.

5. Defendant admits that he was employed by District 209 at the time of the events alleged in Plaintiff's Complaint, retiring in 2020. Defendant states that the remaining allegations are legal conclusions about agency principles and, therefore, no substantive response is required. To the extent a substantive response is required, Defendant denies the remainder of Paragraph 5.

6. Admit.

7. Admit.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 8 and, therefore, denies it.

9. Defendant admits that he was a teacher and basketball coach for District 209. The remainder of Paragraph 9 consists of legal conclusions about agency principles and, therefore, no substantive response is required. To the extent a substantive response is required, Defendant denies the remainder of Paragraph 9.

10. Defendant admits that he was a teacher and a basketball coach during the time period referenced. Defendant admits that Plaintiff was a student enrolled in District 209. Defendants admits that, for portions of Plaintiff's education, he was her coach but denies that he was her teacher (she had the other 4th grade teacher). Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 10 and, therefore, denies it.

11. Defendant admits that Mike Richardson was a coach for District 209. The remainder of Paragraph 11 consists of legal conclusions about agency principles and, therefore, no substantive response is required. To the extent a substantive response is required, Defendant denies the remainder of Paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's grade and enrollment status during the 1995/1996 school year and, therefore, denies it. Defendant denies the remainder of Paragraph 12.

13. Deny.

14. Deny.

15. Deny.

16. Deny.

17. Deny.

18. Deny.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's grade and enrollment status during the 1995/1996 school year, therefore, denies it. Defendant denies the remainder of Paragraph 19.

20. Deny.

21. Deny.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the alleged report to Steve Danner and, therefore, denies it. Defendant denies the remainder of Paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 23 and, therefore, denies it.

24. Defendant admits having a 4th Grade classroom in a double-wide trailer outside of the main school building. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's grade and enrollment status during the 1996/1997 school year, therefore, denies it. Defendant denies the remainder of Paragraph 24.

25. Deny.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's grade and enrollment status during the 1996/1997 school year, therefore, denies it. Defendant denies the remainder of Paragraph 26.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 32 and, therefore, denies it.

33. Defendant admits that at some point, the 4th grade students were housed in a trailer outside the school separated by a room (Defendant is unsure if it was a closet). Defendant lacks knowledge or information sufficient to form a belief about which grade Plaintiff was in during the 1998 timeframe referenced. Defendant denies the remainder of Paragraph 33.

34. Deny.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the alleged report and, therefore, denies it. Defendant denies the remainder of Paragraph 35.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the alleged reports and, therefore, denies it. Defendant denies the remainder of Paragraph 36.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 37 and, therefore, denies it.

38. Deny.

39. Defendant admits that Plaintiff asked him to sing at her wedding but denies that he did, in fact, sing at her wedding. Defendant denies the remainder of Paragraph 39.

40. Deny.

41. Deny.

42. Defendant states that Paragraph 42 is a legal conclusion to which no substantive response is required. The statute and its legislative history speak for themselves. Defendant denies any allegation or interpretation inconsistent with the law.

43. Defendant states that Paragraph 43 is quotation of a statute; The statute and its legislative history speak for themselves. Defendant denies any allegation or interpretation inconsistent with the law.

44. Defendant states that Paragraph 44 is quotation of a statute; The statute and its legislative history speak for themselves. Defendant denies any allegation or interpretation inconsistent with the law.

45. Defendant states that Paragraph 45 is quotation of a statute; The statute and its legislative history speak for themselves. Defendant denies any allegation or interpretation inconsistent with the law.

46. Defendant states that Paragraph 46 is largely a quotation of a statute; the statute and its legislative history speak for itself. Defendant denies any allegation or interpretation inconsistent with the law. Defendant denies the remainder of Paragraph 46.

47. Defendant states that Paragraph 47 is large a quotation of a statute; the statute and its legislative history speak for itself. Defendant denies any allegation or interpretation inconsistent with the law. Defendant denies the remainder of Paragraph 47.

48. Deny.

## JURISDICTION & VENUE

49. Defendant states that Paragraph 49 consists of a legal conclusion about jurisdiction, to which no substantive response is required. This Court has a *sua sponte* duty to determine its jurisdiction.

50. Defendant states that Paragraph 50 consists of a legal conclusion about jurisdiction, to which no substantive response is required. This Court has a *sua sponte* duty to determine its jurisdiction.

51. Defendant states that Paragraph 51 consists of a legal conclusion about venue, to which no substantive response is required. Defendant does not contest venue.

## COUNT I
## 20 U.S.C. § 1681, et seq.
## Rachel Greene v. Woodlawn Unit School District #209

Defendant states that Count I is directed at another defendant and thus no response is required. To the extent a response is required, Defendant denies all allegations in Count I.

## COUNT II
## Willful and Wanton Misconduct
## Rachel Greene v. Woodlawn Unit School District #209

Defendant states that Count II is directed at another defendant and thus no response is required. To the extent a response is required, Defendant denies all allegations in Count II.

## COUNT III
### Willful and Wanton Misconduct
### Rachel Greene v. Mark Richardson

52. Defendant incorporates its answers to Paragraphs 1 through 51 as if fully set forth in Count III.

53. Defendant admits that he was the girls' basketball coach at Woodlawn Grade School at the alleged times. Defendant denies any remaining allegations in Paragraph 53.

54. Defendant states that Paragraph 54 is a legal conclusion to which no substantive response is required. If a substantive response is required, Defendant denies any allegation inconsistent with the law.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Defendant states that Paragraph 64 is a legal conclusion to which no substantive response is required. If a substantive response is required, Defendant denies any allegation inconsistent with the law.

65. Defendant states that Paragraph 65 is a legal conclusion to which no substantive response is required. If a substantive response is required, Defendant denies any allegation inconsistent with the law.

66. Deny.

67. Deny, including all subparagraphs.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

Defendant denies Plaintiff is entitled to any relief requested in the Wherefore Paragraph of Count III.

## COUNT IV
## Sexual Assault
## Rachel Greene v. Mark Richardson

52. Defendant incorporates its answers to Paragraphs 1 through 51 as if fully set forth in Count IV.

53. Defendant denies that he committed any "sexual assault, sexual abuse, sexual penetration, sodomy, and/or sexual contact," thus the issue of consent never arose.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

Defendant denies Plaintiff is entitled to any relief requested in the Wherefore Paragraph of Count IV.

## COUNT V
## Sexual Battery
## Rachel Greene v. Mark Richardson

52. Defendant incorporates its answers to Paragraphs 1 through 51 as if fully set forth in Count V.

8

53. Deny.

54. Deny.

55. Defendant denies that he committed any "sexual assault, sexual abuse, sexual penetration, sodomy, and/or sexual contact," thus the issue of consent never arose.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

Defendant denies Plaintiff is entitled to any relief requested in the Wherefore Paragraph of Count V.

### COUNT VI
### Sexual Assault
### Rachel Greene v. Mike Richardson

Defendant states that Count VI is directed at another defendant and thus no response is required. To the extent a response is required, Defendant denies all allegations in Count VI.

### COUNT VII
### Sexual Battery
### Rachel Greene v. Mike Richardson

Defendant states that Count VII is directed at another defendant and thus no response is required. To the extent a response is required, Defendant denies all allegations in Count VII.

### COUNT VIII
### Sexual Assault
### Rachel Greene v. Danny Dees

Defendant states that Count VIII is directed at another defendant and thus no response is required. To the extent a response is required, Defendant denies all allegations in Count VIII.

## COUNT IX
## Sexual Battery
## Rachel Greene v. Danny Dees

Defendant states that Count IX is directed at another defendant and thus no response is required. To the extent a response is required, Defendant denies all allegations in Count IX.

## DEFENSES

Defendant asserts the following defenses, affirmative and otherwise, without bearing any burden that would otherwise rest with the Plaintiff:

A. Plaintiff's Complaint fails to state a claim against this Defendant in Counts III, IV, or V.

B. Defendant has immunity under the Illinois School Code for any alleged conduct in the supervision of school activities, unless Plaintiff proves willful and wanton misconduct relating to that school supervision. *See* 105 ILCS 5/24-24; 105 ILCS 5/34-84a; *Doe v. Chicago Board of Education*, 339 Ill. App. 3d 848, 854, 791 N.E.2d 1283, 1288 (1st Dist. 2003). Defendant is entitled to "immunity that parents enjoy" for any alleged conduct. *Id.*

C. "Willful and wanton conduct" (Count III) is not an independent tort, but a showing required if a Plaintiff wants to evade a teacher's immunity. *West Bend Mutual Insurance Co. v. Community Unit School District 300*, 2021 IL App (2d) 210108, ¶ 38, 193 N.E.3d 266. Count III therefore fails unless Plaintiff proves an underlying claim for negligence or intentional conduct.

D. The statute of limitations, 735 ILCS 5/13-202.2, applies to bar all or part of Plaintiff's claims. This statute has been amended numerous times, and Defendant seeks application of effective version at the time of any given allegation. And, if alleged conduct becomes barred by a limitations or repose period, a subsequent amendment to the limitations or

repose period cannot revive the claim. *Doe v. Diocese of Dallas*, 234 Ill. 2d 393, 410, 917 N.E.2d 475, 485 (2009).

  E. Defendant relies on and incorporates into this pleading any defenses raised by other defendants in this case.

  F. Defendant is still investigating Plaintiff's Complaint and, therefore, reserves the right to supplement or amend these pleadings as new facts arise in discovery.

  WHEREFORE, Defendant Mark Richardson, having fully answered and asserted his defenses, prays for dismissal of the Complaint or, in the alternative, judgment in his favor on the Complaint. Defendant further prays for other relief deemed just and proper.

              SANDBERG PHOENIX & von GONTARD P.C.

      By:   */s/ A. Courtney Cox*
          A. Courtney Cox, #6182590
          Zachary S. Merkle, #6322707
          1405 West Main Street
          Carbondale, IL 62901
          618-351-7200
          618-351-7604 (Fax)
          E-mail:  ccox@sandbergphoenix.com
              zmerkle@sandbergphoenix.com

              *Attorneys for Defendant Mark Richardson*

## CERTIFICATE OF SERVICE

       I hereby certify that on January 24, 2023, this document was filed with the Clerk of the Court using the Court's CM/ECF system, causing automated delivery of the document to counsel of record in this action:

Ryan J. Mahoney
Mahoney Law Firm, LLC
1 Ginger Creek Parkway
Glen Carbon, IL 62034
ryan@themahoneylawfirm.com
*Attorneys for Plaintiff*

Dennis L. Weedman
Robbins, Schwartz, et al.
510 Regency Center
Collinsville, IL 62234
dweedman@robbins-schwartz.com
*Attorneys for Woodlawn Unit School Dist. #209*

Daniel R. Price
Wham & Wham Lawyers
P.O. box 549
Centralia, IL 62801
dprice@whamlawyers.com
*Attorneys for Danny Dees*

Jerome E. McDonald
Black, Ballard, McDonald, P.C.
P.O. Box 4007
Mt. Vernon, IL 62864
jmcdonald@illinoisfirm.com
*Attorneys for Mike Richardson*

                                            /s/ A. Courtney Cox