IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RACHEL GREENE d/b/a RACHEL BOLDT, | |
| Plaintiff, | |
| v. | No. 22-CV-2727 |
| WOODLAWN UNIT SCHOOL DISTRICT #209, *et. al.* | Honorable David W. Dugan |
| Defendants. | |

**AGREED FERPA AND ISSRA ORDER**

The parties to this action have requested entry of this Protective Order because discovery in this case may include the production of documents and information containing personally identifiable information of students, implicating (1) the Family Educational Rights and Privacy Act (FERPA) (2) the Illinois Student School Records Act (ISSRA). FERPA, 20 U.S.C. § 1232g, establishes protections for education records and permits the Department of Education to deny federal funding to a school district that does not comply with its provisions. ISSRA establishes protection for school student records and provides certain guidelines and requirements for the disclosure of school student records, 105 ILCS 10/6(a)(5). The Court finds that entry of this Protective Order is necessary to provide the parties access to and discovery of relevant documents that may contain names and information of students, while at the same time allowing Defendant Woodlawn Unit School District 209 (hereafter "District") to comply with FERPA and/or ISSRA in protecting the privacy rights of students.

The Court finds, given the nature of the allegations in this case, there is good cause to compel the District to comply with its discovery obligations by producing documents that contain students' personally identifiable information after compliance with the notification requirement mandated by FERPA and ISSRA. Accordingly, for good cause shown, the Court enters the parties' Protective Order. *See* FED. R. CIV. P. 26(c).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant District 209 will provide written notice of this Order to the current or former students whose personally identifiable information appears in responsive documents and will allow them 21 days to inspect, copy and/or challenge the education records and/or school student records pursuant to FERPA and ISSRA and raise any objections with the Court to the production of FERPA or ISSRA protected records before the District produces those records.

Defendant District shall provide the parties access to and discovery of education records and/or school student records containing students' personally identifiable information that are relevant to any claim or defense in this case. The following procedures shall apply to any documents produced by or to any of the parties to this litigation that identify students or former students of the District:

1. The names or other personally identifiable information of any students or former students, not yet the age of majority, contained in any documents produced by in this case will be deleted from the public documents and replaced by the designation of a pseudonym. The name and identity of minor students involved will be protected from public disclosure unless otherwise required by law. Any document produced by the

2

parties in this litigation that contains personally identifiable information of any student or former student, and any deposition testimony that results therefrom, will be treated as "Confidential Information" and subject to the terms of the Protective Order.

    2.    Defendant District will provide non-privileged documents responsive to discovery requests after timely notice is provided pursuant to FERPA and ISSRA. Any education records or school student records that may be contained in those documents that are produced will be marked "Confidential" and treated as Confidential Information, subject to the Protective Order.

    3.    If any party inadvertently fails to mark a document with personally identifiable information of a student or former student as "Confidential," the document will still be protected as "Confidential Information" and the designation may be applied retroactively.

    4.    Any Confidential documents that are filed with the Court will be reviewed by the party proposing the document, and the names and other identifying details of the minor students or former students involved will be deleted (or replaced with initials).

    5.    Upon completion of this litigation, all copies of the records or documents or testimony with references to students shall remain Confidential and shall continue to be kept pursuant to the Confidential Matter Protective Order.

    6.    Nothing contained herein shall be construed to prejudice or limit any party's right to use the records with personally identifying information in the taking of depositions or at trial to the extent permitted, if at all, under the rules of evidence and civil procedure.

7. Nothing in this Order shall prevent any party hereto from seeking modification of this Order, or from objecting to discovery which it believes to be otherwise improper.

8. Violation of the terms of this Order, by any of the signatories to this agreement, their employees, agents, or experts may subject the violator to any sanction deemed appropriate by the Court.

9. This Order shall only apply to documents produced by Defendant, WOODLAWN UNIT SCHOOL DISTRICT #209, in discovery and does not apply to documents obtained by Plaintiff from other sources or to documents that are available to the public.

*So Ordered.*

       **SO ORDERED.**

       Dated: May 11, 2023

                                             **s/*David W. Dugan***
                                             DAVID W. DUGAN
                                             United States District Judge

| | |
|---|---|
| WE SO MOVE<br>and agree to abide by the terms of this Order<br>Order | WE SO MOVE<br>and agree to abide by the terms of this Order |
| By: /s/ *Nikoleta Lamprinakos*<br>Dennis L. Weedman<br>Nikoleta Lamprinakos<br>Christopher J. Moberg<br>**ROBBINS SCHWARTZ NICHOLAS LIFTON & TAYLOR, LTD.**<br>55 West Monroe Street, Suite 800<br>Chicago, Illinois 60603<br>(312) 332-7760<br>dweedman@robbins-schwartz.com<br>nlamprinakos@robbins-schwartz.com<br>cmoberg@robbins-schwartz.com<br><br>Attorneys for WOODLAWN UNIT SCHOOL DISTRICT #209 | By: /s/ *Daniel R. Price*<br>Daniel R. Price<br>Wham & Wham Lawyers<br>212 East Broadway, P.O. Box 549<br>Centralia, Illinois 62801<br>Phone: (618) 532-5621<br><br>Attorney for DANNY DEES |
| By: /s/ *A. Courtney Cox*<br>A. Courtney Cox<br>Zachary S. Merkle<br>1405 West Main Street<br>Carbondale, IL 62901<br>ccox@sandbergphoenix.com<br>zmerkle@sandbergphoenix.com<br><br>Attorneys for MARK RICHARDSON | By: /s/ *Jerome E. McDonald*<br>Jerome E. McDonald<br>Black, Ballard, McDonald, P.C.<br>P.O. Box 4007<br>Mt. Vernon, IL 62864<br>jmcdonald@illinoisfirm.com<br><br>Attorneys or MIKE RICHARDSON |
| By: /s/ *Ryan J. Mahoney*<br>Ryan J. Mahoney<br>Mahoney Law Firm, LLC<br>1 Ginger Creek Parkway<br>Glen Carbon, IL 62034<br>ryan@themahoneylawfirm.com<br><br>Attorney for Plaintiff | |