IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RACHEL GREENE d/b/a RACHEL BOLDT, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 22-cv-2727 ) ) |
| WOODLAWN UNIT SCHOOL DISTRICT #209, MARK RICHARDSON, MIKE RICHARDSON, and DANNY DEES, | ) ) ) |
| Defendants. | |

## MEMORANDUM & ORDER

**DUGAN, District Judge**

This matter is before the Court on a discovery dispute raised by the parties. Consistent with this Court's discovery dispute procedure, the parties met and conferred in an effort to resolve disputed matters without court intervention. Despite their efforts, the parties were unable to reach an agreement. The parties have provided the Court with a Joint Discovery Report detailing the disputed issues. After reviewing the Joint Discovery Report, the Court **ORDERS** as follows:

### I. BACKGROUND

Plaintiff claims that in 1995, when she was in the Fourth grade at Woodlawn Elementary School, she was sexually abused by Defendants Mark Richardson, Mike Richardson, and Danny Dees. The abuse allegedly continued until approximately 2000, when Plaintiff was 13 years old. Plaintiff also alleges instances of intimidation after she turned 18, and a sexual assault occurring in approximately 2014. Plaintiff does not allege

that abuse was ongoing between 2000 and 2014. Plaintiff seeks damages for physical injuries associated with sexual assault and rape, severe emotional distress and depression which is expected to continue into the future, embarrassment and humiliation, costs of medical treatment both in the past and the future, loss of enjoyment of a normal life as a consequence of her emotional injuries, and loss of ability to engage in the same kinds of normal activities.

## II.     GENERAL STANDARDS APPLICABLE TO DISCOVERY

A district court has broad discretion in matters relating to discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676 (7th Cir. 2002). Rule 26 permits the discovery of any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). When determining the scope of discovery, Rule 26(b)(1) requires consideration of:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.* Rule 26(b)(1) also recognizes that information within the scope of discovery does not need to be admissible at trial. *Id.*

"Because the purpose of discovery is to help 'define and clarify the issues,' relevance must be broadly construed." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 2021 WL 3186959, at *3 (S.D. Ill. July 28, 2021) (citing *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (superseded by statute on other grounds)).

Therefore, establishing relevancy is not a high bar, and where "relevance is in doubt, courts should err on the side of permissive discovery." *Wiginton v. CB Richard Ellis, Inc.*, 229 F.R.D. 568, 577 (N.D. Ill. 2004) (citation omitted). Indeed, there is a "strong public policy in favor of disclosure of relevant materials," and a court should consider the "totality of the circumstances," including "society's interest in furthering the 'truthseeking function,' in the particular case before the court." *Patterson*, 281 F.3d at 681 (citations omitted). Finally, the burden "rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006).

### III.  DISCUSSION

#### A. Overarching Disputes

##### 1. *Temporal Scope of Discovery*

Many of the parties' discovery disputes stem from a disagreement regarding the temporal scope of discovery. Defendants' position is the time period should not be restricted to the time period alleged in the Complaint (1995-2014) but should include the time to the present. Plaintiff contends that the discoverable time period should not extend through the present, but she does not identify a specific time period that would be appropriate. Plaintiff emphasizes that, except for acts of intimidation after she turned 18 and one sexual assault in approximately 2014, the alleged abuse occurred between approximately 1995 and 2000, and that she does not allege ongoing abuse between 2000 and 2014.

The Court agrees with Defendants. Courts have recognized that "extensive intrusion into the affairs of both litigants and third parties is permissible and common in modern discovery, especially in a case ... involving claims of emotional trauma." *Flores v. Bd. of Trustees of Cmty. Coll. Dist. No. 508* 2015 WL 7293510, at *3 (N.D. Ill. Nov. 19, 2015). "[W]hen emotional injuries rise above mere humiliation and embarrassment or when a party specifically seeks damages for a psychological condition, the claim amounts to more than a garden variety emotional distress claim," and other potential stressors or sources of emotional distress may be explored." *Gonzalez v. Scaletta*, 2018 WL 6573227, at *4 (N.D. Ill. Dec. 12, 2018) (internal quotation and citation omitted).

Here, Plaintiff is seeking damages for severe and ongoing emotional trauma. As such, Plaintiff's mental health is legitimately in controversy, and Defendants are entitled to explore stressors in her life that may have contributed to her emotional trauma. This includes stressors outside the time period of the alleged abuse. For instance, Defendants have identified specific events occurring after 2014, including instances where Plaintiff has alleged that other men repeatedly subjected her to rape, sexual assault, torture, and sex trafficking. If these events did occur, they are relevant to ascertaining the source of Plaintiff's severe and ongoing mental and emotional injuries, as well as her alleged physical injuries. *See Berry v. Deloney,* 28 F.3d 604, 608 (7th Cir. 1994) (evidence of past sexual activity is often "relevant because [a defendant is] not responsible for any emotional or physical injuries (damages) caused by…sexual activity with other men." *Berry v. Deloney,* 28 F.3d 604, 608 (7th Cir. 1994).

Accordingly, the Court finds that the appropriate time period of inquiry for Defendants' discovery requests is 1995 to present.

### 2. *Sexual Activity with Individuals Other than Defendants*

Information regarding Plaintiff's sexual activity with individuals other than Defendants may lead to relevant evidence. As noted above, Defendants are not responsible for any emotional or physical injuries caused by others. *Berry v. Deloney*, 28 F.3d 604, 608 (7th Cir. 1994). Accordingly, information regarding Plaintiff's sexual activity, particularly traumatic sexual activity (whether consensual or nonconsensual) is potentially relevant to causation and damages.

In reaching this decision, the Court is mindful of Federal Rule of Evidence 412, [1] and its' prohibition on the admission of certain evidence relating to the sexual conduct of an alleged victim. Rule 412, however, does not operate to prevent discovery of such information. *See* FED. R. EVID. 412, Advisory Committee Notes ("The procedures set forth in subdivision (c) do not apply to discovery of a victim's past sexual conduct or predisposition in civil cases, which will…continue to be governed by FED. R. CIV. P. 26." The Advisory Committee notes to Rule 412 indicate that "discovery of a victim's past sexual conduct…will…continue to be governed by FED. R. CIV. P. 26." Moreover, as other courts have observed, prohibiting discovery about a plaintiff's past sexual activity could

---

[1] FED. R. EVID. 412(a) generally prohibits the admission "in any civil or criminal proceeding involving alleged sexual misconduct" of certain evidence relating to sexual conduct by the alleged victim. In particular, it prohibits the introduction of evidence "that any alleged victim engaged in other sexual behavior" as well as evidence that is "offered to prove any alleged victim's sexual predisposition." Various exceptions are set forth in subsection (b). Subsection (b)(2), which applies to civil cases, provides that such evidence may be admitted if it is otherwise admissible under the Rules of Evidence "and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." Finally, subsection (c) sets forth the procedures to be used if a party wishes to offer evidence of the type described in subsection (a).

undermine the provisions of Rule 412. *Barnes v. Bd. Of Educ.,* 2007 WL 1236190 at 3 (S.D. Ohio Apr. 26 2007) (("[U]nless the defendants are allowed to conduct discovery on this issue [other sexual experience], the trial judge will never be in a position to conduct the weighing that Rule 412 contemplates, because the defendants will be unable to describe to the trial judge the nature of the evidence they would seek to introduce.").

### 3. *Prior Allegations of Sexual Assault*

Plaintiff contends that any information regarding prior allegations of abuse, torture, sexual assault, rape, and/or sex trafficking directed against individuals other than defendants is irrelevant. But, for reasons discussed above, such information may lead to relevant evidence regarding the source of Plaintiff's alleged damages. Additionally, prior allegations against other individuals, if false, might lead to relevant evidence as to bias, prejudice, and/or motive. *See e.g., Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001); *Boggs v. Collins,* 226 F.3d 728 (6th Cir. 2000) (prior false sexual abuse allegations admissible to impeach a complainant's credibility where they reveal motive or bias); (generally, federal courts have allowed cross-examination regarding prior false accusations of rape for the purpose of revealing bias or prejudice, but not "solely to diminish a witness's general credibility").[2] These cases demonstrate the potential

---

[2] *Redmond* and *Boggs* both involved a criminal defendant's right to cross examine a witness in connection with the Confrontation Clause. Although the Confrontation Clause does not apply in the civil context, *see Am. Automotive Accessories, Inc. v. Fishman,* 175 F.3d 534, 541 (7th Cir.1999), the discussion in both decisions regarding the propriety of using such evidence during cross examination to attack general credibility or to reveal bias, motive, and/or prejudice in connection with the federal rules of evidence is instructive and provides a basis for concluding that information regarding Plaintiff's prior allegations of abuse may lead to relevant evidence.

relevance of such information. Accordingly, the Court finds that Defendants' requests for such information meet the test for discoverability under Rule 26.

### B. Disputed Interrogatories

Having dispensed with the parties' overarching disputes, the Court now addresses each disputed interrogatory, applying the standards discussed above.

#### *1.    Mark Richardson's Interrogatories*

1. Identify each person with whom you have had sexual intercourse, setting forth when the intercourse occurred, the location where it occurred, state whether the intercourse was consensual or non-consensual, and identify all persons present when it occurred. If you do not know the name of the person, please provide as much information as you have that would assist in identifying the person.

Plaintiff's objections are **overruled in part**. Defendant's request for information identifying individuals with whom she has had sexual intercourse are **overruled**. Information regarding Plaintiff's sexual encounters and the time of their occurrence are potentially relevant to causation and damages. Plaintiff's objections to requests for information as to the place of specific sexual encounters is **sustained.** The location of Plaintiff's past sexual encounters does not meet the standard for discoverability under Rule 26. All remaining objections to this interrogatory are overruled.

3. Identify each and every person, including yourself, who has cut your skin, setting forth for each such person, the date of the cutting, the part of the body that was cut, where the cutting occurred, what device or instrument was used to cut your skin, and identify who was present when the cutting occurred.

Plaintiff's objections are **overruled**. The requested information may lead to relevant evidence as to causation and damages, and the request is not overly broad.

6. Set forth the names and addresses of all physicians who have treated you and all hospitals, clinics, therapists, chiropractic clinics, or other medical facilities to which you have been committed or were treated in connection with her injuries allegedly related sexual abuse, sexual assault, sex trafficking, rape, torture and/or battery by any of the Defendants and/or other, and also set forth a statement of all medical costs involved.

Plaintiff's objections are **overruled**. The requested information may lead to relevant evidence as to causation and damages, and the request is not overly broad.

8. Identify each and every person whom you believe or contend was, or is, engaged in sex trafficking, identifying the source and substance of the information upon which your belief or contention is based.

Plaintiff's objections are **sustained**. The request is overly broad.

14. Identify each and every person you have accused of sexual abuse, sexual assault, sex trafficking, rape, torture and/or battery of you, setting forth the date(s) of each accusation, the nature of the accusation, to whom you made the accusation, and whether the accusation was true or not true.

Plaintiff's objections are **overruled**. The requested information may lead to relevant evidence as to causation and damages, and the request is not overly broad. Additionally, the requested information may lead to relevant evidence regarding Plaintiff's credibility.

15. Describe all actions against you by Greg Smith which you considered in any way inappropriate, setting forth the date of such actions, identify all witnesses to such actions, the location where such actions took place, and identify all persons who you informed about such actions.

Plaintiff's objections are **overruled**. The requested information may lead to relevant evidence as to causation and damages, and the request is not overly broad.

23. Identify each date on which a rape kit/sexual assault kit has been performed on you, setting forth for each such occasion, where the rape kit was performed, who performed the rape kit, and what the results were.

Plaintiff's objections are **overruled**. The requested information may lead to relevant evidence as to causation and damages, and the request is not overly broad. Additionally, the requested information may lead to relevant evidence regarding Plaintiff's credibility.

### 2. *Danny Dees' Interrogatories*

2. In your interview with the Jefferson County Sheriff's office on or about December 31, 2016, you said they could say a trigger word and you would do everything they asked you to do. Identify the trigger word, who would use the trigger word, when they used the trigger word, where you were located when they used the trigger word, and what you were asked to do after the trigger word was used.

Plaintiff's objections are **sustained**. There is no showing that the requested information is relevant.

4. Identify the girl at the truck stop in Mount Vernon who gave your aunt information about men who were involved in a "sex ring." Set forth the information provided by this person, the identity of the person to whom she provided this information, and when she provided this information.

Plaintiff's objections are **overruled**. The requested information may lead to relevant evidence as to causation and damages, and the request is not overly broad.

5. Identify the men who you allege to have carved the word "trick" in you in a large shed behind your house, setting forth the date this occurred, describing in detail what occurred, and setting forth what comments they made to you and you made to them during this encounter.

Plaintiff's objections are **overruled**. The requested information may lead to relevant evidence as to causation and damages, and the request is not overly broad.

6. In your handwritten notes you provided to Theresa Malekovic you say they met you at that spot and drove me back to where there was a camper. Identify who met you, the location where they met you, the date(s) you went to that location, identify all persons who were present at that location on the dates you were present, and set forth a description of all that happened and was said during each time you were present at that location, including all encounters with any of the defendants in this case.

   Plaintiff's objections are **overruled**. The requested information may lead to

relevant evidence as to causation and damages, and the request is not overly broad.

7. In your handwritten notes you provided to Theresa Malekovic you say when you were leaving a basketball game three men pulled up to you as you were walking to your car. Identify these three men, the town and location where they met you, the identity of any persons who were with you at the time of this encounter, the date of this encounter, and set forth a description of all that happened during this encounter and what was said by those present during the encounter.

   Plaintiff's objections are **overruled**. The requested information may lead to

relevant evidence as to causation and damages, and the request is not overly broad.

8. In your handwritten notes you provided to Theresa Malekovic you say a person and his dad, Jim, came to your house on Tuesday, March 14 and raped you. Identify by name these individuals, the year this occurred, and set forth a description of all that happened during this encounter and was said by those present during the encounter, who untied you, who you told about this encounter, when you told them, and what you told them about the encounter.

   Plaintiff's objections are **overruled**. The requested information may lead to

relevant evidence as to causation and damages, and the request is not overly broad.

10. Identify the person who battered and/or sexually assaulted you at your home on July 13, 2017, setting forth in detail what happened and what was said during that encounter.

    Plaintiff's objections are **overruled**. The requested information may lead to

relevant evidence as to causation and damages, and the request is not overly broad.

### 3. Mike Richardson's Interrogatories

2. Did you ever accuse any members or leaders of the Greenview Church of Centralia of sexually abusing you or harassing you? If so, state the names of the persons you contend sexually abused or harassed you.

Plaintiff's objections are **overruled**. The requested information may lead to relevant evidence as to causation and damages, and the request is not overly broad. Additionally, the requested information may lead to relevant evidence regarding Plaintiff's credibility.

3. Did you ever accuse any of the coaches of the women's basketball team at Southern Illinois University of Carbondale of abusing or mistreating you in any fashion? If so, state who you claimed abused or mistreated you and when that abuse occurred.

Plaintiff's objections are **overruled**. The requested information may lead to relevant evidence as to causation and damages, and the request is not overly broad. Additionally, the requested information may lead to relevant evidence regarding Plaintiff's credibility.

4. Do you contend that either your mother or father or both were involved in sexually trafficking you? If the answer is "yes", state the details of their involvement in that trafficking.

Plaintiff's objections are **overruled**. The requested information may lead to relevant evidence as to causation and damages, and the request is not overly broad. Additionally, the requested information may lead to relevant evidence regarding Plaintiff's credibility.

11

7. State when and why your husband began going by the name "Ben" instead of "Matt".

Plaintiff's objections are **overruled**. The requested information is potentially relevant to a party's claim or defense, and Plaintiff has failed to meet her burden of establishing why this discovery request is improper.

## IV.   PROTECTIVE ORDER

The Court notes that, to the extent that there are concerns regarding the disclosure of highly personal and sensitive information – details of alleged sexual abuse and identities of sexual partners, for example – an agreed to protective order was adopted by the Court on April 5, 2023 (Doc. 38). And a second agreed to protective order was adopted by the Court on May 11, 2023 (Doc. 40). The Court contemplates that these Orders will likely provide for the protection against disclosure of confidential information. And, of course, a party may apply for further protections should the need arise.

## V.   CONCLUSION

For the reasons stated herein, Plaintiff's objections to Defendants' interrogatories are overruled in part and sustained in part. Plaintiff shall supplement her discovery responses as set forth herein on or before December 18, 2023.

**SO ORDERED.**

Dated: November 15, 2023

DAVID W. DUGAN
United States District Judge